**McDERMOTT WILL & EMERY LLP**
Jason D. Strabo (SBN 246426)
Jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Andrew Lee (*Pro Hac Vice* Application to Be Filed)
Ajlee@mwe.com
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Han Cui (*Pro Hac Vice* Application to Be Filed)
Hcui@mwe.com
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Attorneys for Defendant*
*LG Energy Solution Michigan, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. CHARLTON, PhD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ENERGY SOLUTION MICHIGAN, INC., and DOES 1-50,<br><br>Defendants. | CASE NO. 3:21-cv-02142-CAB-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LG ENERGY SOLUTION MICHIGAN, INC.'S MOTION TO DISMISS**<br><br>Hearing Date: February 9, 2022<br>Place: Courtroom 15A, 15th Floor<br>Judge: Hon. Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...................................................................................... 1

II.    BACKGROUND ........................................................................................ 3

       A.     ESMI's Recall of RESU Batteries ................................................. 3

       B.     Charlton's October 6, 2021 Notice Letter ..................................... 3

       C.     ESMI's November 4, 2021 Response Letter .................................. 4

       D.     Charlton's Claims .......................................................................... 5

III.   LEGAL STANDARD ............................................................................... 6

       A.     Motion to Dismiss Pursuant to Rule 12(b)(1) ............................... 6

       B.     Motion to Dismiss Pursuant to Rule 12(b)(6) ............................... 7

IV.    ARGUMENT ............................................................................................ 7

       A.     Charlton's CLRA and UCL claims are moot ................................. 7

              1.     Charlton's CLRA and UCL claims should be dismissed
                     under Rule 12(b)(1) because there is no actual or live case
                     or controversy. ..................................................................... 7

              2.     Even if Charlton's CLRA and UCL claims are not
                     constitutionally moot, they should be dismissed under the
                     prudential mootness doctrine. ............................................... 9

       B.     Charlton's UCL claim should be dismissed under Rule 12(b)(6)
              because he fails to allege any unlawful, unfair, or fraudulent
              conduct. ......................................................................................... 11

              1.     The Unlawful Prong ........................................................... 12

              2.     The Unfair Prong ................................................................ 12

              3.     The Fraudulent Prong ......................................................... 14

       C.     Charlton's claim for injunctive relief under both the CLRA and
              the UCL should be dismissed under Rule 12(b)(6) for failure to
              plead any inadequacies of his legal remedies. ............................. 15

V.     CONCLUSION ....................................................................................... 17

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Cangemi,*
419 F.3d 722 (8th Cir. 2005) (*en banc*)..........................................................9, 10

*Arizonans for Official English v. Arizona,*
520 U.S. 43 (1997) .......................................................................................8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .....................................................................................7

*Baba v. Hewlett-Packard Co.,*
No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010) ................13

*Backhaut v. Apple, Inc.,*
74 F. Supp. 3d 1033 (N.D. Cal. 2014).........................................................13

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................7, 14

*Benson v. S. Cal. Auto Sales, Inc.,*
239 Cal. App. 4th 1198 (2015)...................................................................16

*In re Burrell,*
415 F.3d 994 (9th Cir. 2005) .....................................................................6

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
637 F.3d 1047 (9th Cir. 2011)....................................................................15

*Chamber of Commerce v. United States Department of Energy,*
627 F.2d 289 (D.C. Cir. 1980) ....................................................................9

*Chandler v. State Farm Mut. Auto Ins. Co.,*
598 F.3d 1115 (9th Cir. 2010).....................................................................7

*Cheng v. BMW of North America, LLC,*
No. CV 12-09262 GAF, 2013 WL 3940815 (C.D. Cal. July 26, 2013)...................................................................................................10, 11

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

*Colony Cove Props., LLC v. City of Carson*,
   640 F.3d 948 (9th Cir. 2011) ................................................................... 7

*Cook Inlet Treaty Tribes v. Shalala*,
   166 F.3d 986 (9th Cir.1999) ..................................................................... 8

*Doe v. CVS Pharm., Inc.*,
   982 F.3d 1204 (9th Cir. 2020) ............................................................... 12

*Fletcher v. United States*,
   116 F.3d 1315 (10th Cir. 1997) ............................................................... 9

*Flores v. Wells Fargo Bank, N.A.*,
   No. 11-6619 JSC, 2012 WL 2427227 (N.D. Cal. June 26, 2012) ...................... 13

*Franklin v. Gwinnett Cty. Pub. Sch.*,
   503 U.S. 60 (1992) ................................................................................ 16

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) ...................................................... 15

*Goldstein v. Gen. Motors LLC*,
   517 F. Supp. 3d 1076 (S.D. Cal. 2021) ................................................... 17

*Hensley-Maclean v. Safeway, Inc.*,
   No. CV 11-01230 RS, 2014 WL 1364906 (N.D. Cal. Apr. 7, 2014) ............... 14

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) ................................................... 13

*Hinds Invs., L.P. v. Angioli*,
   654 F.3d 846 (9th Cir. 2011) ................................................................... 7

*Hunt v. Imperial Merchant Services, Inc.*,
   560 F.3d 1137 (9th Cir. 2009) ............................................................... 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................... 15

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (Cal. 2003) ................................................................. 16

*Leite v. Crane Co.*,
   749 F.3d 1117 (9th Cir. 2014) ................................................................. 6

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB

*Long v. Graco Children's Prods. Inc.*,
No. 13-cv-01257-WHO, 2013 WL 4655763 (N.D. Cal. Aug. 26, 2013) ........................................................................................ 13

*Lozano v. AT&T Wireless Servs., Inc.*,
504 F.3d 718 (9th Cir. 2007) ........................................................ 12, 14

*Lyons v. Bank of Am., NA*,
No. 11-01232 CW, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011) .................. 14

*In re MacBook Keyboard Litig.*,
No. 5:18-CV-02813-EJD, 2019 WL 1765817 (N.D. Cal. Apr. 22, 2019) ........................................................................................ 8

*McVicar v. Goodman Glob., Inc.*,
1 F. Supp. 3d 1044 (C.D. Cal. 2014) ................................................ 14

*Metro Publ'g, Ltd. v. San Jose Mercury News, Inc.*,
861 F. Supp. 870 (N.D. Cal. 1994) ................................................ 12

*Nasoordeen v. F.D.I.C.*,
No. CV 08–05631 MMM, 2010 WL 113588 (C.D. Cal. Mar. 17, 2010) ........................................................................................ 10

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ............................................................ 4

*Penthouse International, Ltd. v. Meese*,
939 F.2d 1011 (D.C. Cir. 1991) ...................................................... 10

*Philips v. Ford Motor Co.*,
726 F. App'x 608 (9th Cir. 2018) .............................................. 16, 17

*Rosetti v. Shalala*,
12 F.3d 1216 (3d Cir. 1994) ............................................................ 8

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ........................................................ 6

*Seven Words LLC v. Network Solutions*,
260 F.3d 1089 (9th Cir. 2001) ........................................................ 8

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

*Tosh-Surryhne v. Abbott Labs. Inc.*,
  No. CIV S-10-2603 KJM-EFB, 2011 WL 4500880 (E.D. Cal. Sept.
  27, 2011) ............................................................................................................. 8

*United States v. (Under Seal)*,
  757 F.2d 600 (4th Cir. 1985) ............................................................................ 10

*Vavak v. Abbott Laboratories, Inc.*,
  No. SACV 10-1995 JVS (RZx), 2011 WL 10550065 (C.D. Cal.
  June 17, 2011) ..................................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .................................................................... 7, 14

*In re Vioxx Class Cases*,
  180 Cal. App. 4th 116 (Cal. Ct. App. 2009) ................................................... 16

*White v. Lee*,
  277 F.3d 1214 (9th Cir. 2000) ............................................................................ 6

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
  681 F.3d 1208 (10th Cir. 2012) ........................................................................ 11

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) ........................................................... 15

**Statutes**

Cal. Bus. & Prof. Code 17200, *et seq.* ...................................................... 5, 12

Cal. Civ. Code 1750, *et seq.* ............................................................................ 5

Cal. Civ. Code § 1770 ....................................................................................... 4

Cal. Civ. Code § 1780(a) ................................................................................. 16

**Rules**

Federal Rule of Civil Procedure 9(b) ......................................................... 7, 14

Federal Rule of Civil Procedure 12(b)(1) ................................................. 6, 7, 8

Federal Rule of Civil Procedure 12(b)(6) .......................................... 6, 7, 12, 16

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB

1

**Other Authorities**

U.S. CONST., art. III, ................................................................................................... 8

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.    INTRODUCTION

On December 16, 2020 and August 4, 2021, Defendant LG Energy Solutions Michigan, Inc. ("ESMI"), in conjunction with the Consumer Products Safety Commission ("CPSC"), announced voluntary recalls of LG Residential Energy Storage Unit ("RESU") batteries purchased by consumers throughout the United States, including consumers that are residents of California. At the same time, ESMI stopped selling RESU batteries that incorporated the battery cells identified as being part of the recall. ESMI announced the recall of RESU batteries due to the potential for overheating (which in fact occurred in very rare instances). It did so to make right by its customers. ESMI presented the recall program to the CPSC under the CPSC's Fast Track Recall Program. After thorough review, the CPSC approved ESMI's proposed program and continues to monitor its progress. Under the terms of the recall, ESMI has offered to replace RESU batteries with new replacement battery units, coupled with a new 10-year warranty. As a result of the recall, any affected consumers will receive new batteries, the useful lives of which will extend longer than existing batteries, and which will be covered by warranties that will extend for years longer than the warranties on the recalled batteries. These recalls were publicly announced, widely disseminated, and remain the subject of open disclosure on the websites of ESMI, the CPSC, and in numerous other sources.

Notwithstanding these express public commitments, on October 6, 2021, Plaintiff Stephen J. Charlton ("Charlton") served ESMI with a written demand under California's Consumer Legal Remedies Act (the "CLRA"), pursuant to which he demanded that ESMI provide a series of remedies and threatened suit for damages. ESMI responded on November 4, 2021 through a formal written response in which it advised Charlton of the existence of the recall program and committed to provide the remedies provided for by the program. Four days later, Charlton filed suit in San Diego Superior Court, through a complaint which was perhaps most

notable for what it omitted—namely, the intentional omission of any mention of or reference to either ESMI's recall program or its November 4, 2021 letter reaffirming its intention to cure.

ESMI takes seriously any concerns raised by purchasers affected by the subject recall. But it also believes that it has made clear its commitment to do right by these consumers. And Charlton's decision to omit ESMI's response letter is for good reason—because a plain read of that letter makes clear that there is no viable claim under the CLRA here. Charlton's claims should be dismissed for four independent reasons.

*First,* in light of ESMI's express commitments both publicly and in its response letter, Charlton's claims are moot and Charlton therefore does not satisfy the threshold case and controversy requirements of Article III. *Second*, even if Charlton could meet the basic case and controversy requirements of Article III, the case should be dismissed under the doctrine of prudential mootness, in light of the fact that ESMI's recall has been presented to and approved by a regulatory agency with authority, the CPSC. Allowing a claim to proceed here would interfere with the CPSC's jurisdiction. *Third,* as to the second cause of action in the Complaint, Charlton's claim under California's Unfair Competition Law ("UCL"), should be dismissed because the Complaint, aside from conclusory allegations and bare recitation of elements, is devoid of any factual or plausible allegation of unlawful, unfair, or fraudulent conduct by ESMI. *Fourth*, Charlton's claims for injunctive relief under both the CLRA and the UCL fail because he does not and cannot allege that his legal remedies under the CLRA are inadequate.

In sum, there is no basis for Charlton's claims for damages here. The claims should therefore be dismissed in their entirety.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## II.    BACKGROUND

### A.    ESMI's Recall of RESU Batteries

ESMI markets and sells RESU batteries. (Doc. No. 1, Ex. A, Compl. ¶ 10.) These batteries provide energy storage and backup power for homes. (*Id.*) ESMI sells RESU batteries to distributors, who then sell to end-user consumers, but ESMI does not directly sell to consumers. (Request for Judicial Notice ("RJN") at Exhibit ("Ex.") 1, 12/16/2020 ESMI First Recall; *id.* at Ex. 2, 8/4/2021 ESMI Second Recall.)

On December 16, 2020, in conjunction with the CPSC, ESMI announced a recall of certain RESU10H model ESS home batteries. (*Id.* at Ex. 1, 12/16/2020 ESMI First Recall.) The recalled products contained battery cells from specific lithium-ion cell manufacturing lots, which ESMI identified as posing a risk of overheating in rare circumstances when exposed to harsh external environments. (*Id.*)

After having concluded further root cause analysis, and as part of its continued commitment to product safety and customer service, on August 4, 2021, ESMI announced a second, expanded recall of additional RESU10H home batteries. (*Id.* at Ex. 2, 8/4/2021 ESMI Second Recall.) The remedy, which has been approved and accepted by the CPSC under its Fast Track Recall Program, calls for the replacement of the identified battery modules with ESMI's new and defect-free batteries, which are covered by a renewed 10-year warranty starting from the date of replacement. (*Id.* at Ex. 1, 12/16/2020 ESMI First Recall; *id.* at Ex. 2, 8/4/2021 ESMI Second Recall.)

### B.    Charlton's October 6, 2021 Notice Letter

On October 6, 2021, months after ESMI announced its voluntary recalls, Charlton[1] sent ESMI a notice letter under the CLRA both on his behalf and on

---

[1] Charlton asserts that he purchased a RESU battery sold by ESMI for his home in California. (Doc. No. 1, Ex. A, Compl. ¶ 3.)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

behalf of all California consumers who purchased a RESU battery in the three years before the date of the letter. (Doc. No. 1, Ex. A, Compl. ¶ 9; RJN Ex. 3, 10/6/2021 Charlton Notice Ltr.) In that letter, Charlton made the following six demands:

1. [ESMI] must make reasonable efforts to identify all California consumers similarly situated, i.e., who purchased [ESMI] solar batteries in the past three years;

2. All consumers so identified must be notified that upon their request [ESMI] shall make the appropriate correction, repair, replacement, or other remedy of the good and services;

3. [ESMI] must offer each of these consumers the option of either: (a) a full refund of the battery purchase price, and a full refund of the cost of the inverter, both with interest at ten percent from the date of purchase to the date of refund; or (b) replacement of each [ESMI] battery with a battery that will accomplish the objectives (of battery arbitrage and stored energy in the event of a power failure) that [ESMI] represented. The choice of option belongs to each consumer and each must be so notified;

4. [ESMI] must also compensate each class member for the lost battery arbitrage and loss of power failure backup power until such time as one of the options above is selected and the correction, repair, remedy and corrective action actually occurs;

5. [ESMI] must agree to these demands within a reasonable time and in no event more than 30 days from the date of this letter, even if implementation of the remedies then takes a reasonable time to accomplish; and

6. [ESMI] must cease from engaging in the methods, acts, and practices specified above (i.e., violation of Civ. Code § 1770, subds. (a)(5), (7), (16)-(17)). (RJN Ex. 3, 10/6/2021 Charlton Notice Ltr. at 3.)

## C.    ESMI's November 4, 2021 Response Letter

ESMI responded on November 4, 2021 to Charlton's notice letter. (RJN Ex. 4, 11/4/2021 ESMI Resp. Ltr.)[2] In its response, ESMI reiterated its commitment and care for its customers—to ensuring product safety and providing the highest

---

[2] As set forth in ESMI's concurrently filed Request for Judicial Notice, ESMI's response letter is the proper subject of judicial notice. *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998) (holding "[a] district court ruling on a motion to dismiss may consider documents … crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," because plaintiffs should not be able to survive a motion to dismiss "by deliberately omitting references to documents upon which their claims are based").

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

quality and service to its customers. (*Id.* at 2.) As part of that commitment, ESMI reiterated that it is continuously reevaluating its company-wide safety and quality processes and undertakes prompt and effective action if any issues arise that may affect customer safety. (*Id.*) ESMI reassured Charlton that it has taken and will continue to take preemptive action to ensure that customer safety remains its highest priority. (*Id.*)

In the same letter, ESMI also outlined for Charlton the remedies that it has already provided, or has agreed to provide, in lockstep with the CPSC-approved program. (*Id.*) In fact, ESMI had already agreed and reiterated its agreement to all but one of Charlton's six demands. (*Id.*) The only demand ESMI did not agree to was Charlton's demand for additional compensation for alleged lost battery arbitrage on top of the replacement batteries that Charlton demanded and ESMI agreed to. (*Id.*) ESMI provided legal authorities to Charlton explaining why he has no basis to demand more than the replacement batteries. (*Id.*)

Because ESMI has already given, or agreed to give within reasonable time, appropriate correction, repair, replacement, and additional remedy to all RESU battery consumers, ESMI told Charlton that it trusts this resolves the CLRA claims he threatened in his letter. (*Id.* at 3.) But instead of responding, Charlton filed his Complaint eight days later. (Doc. No. 1, Ex. A, Compl. at 1.)

### D.    Charlton's Claims

Charlton asserts two causes of action under California consumer protection statutes: (1) the CLRA, Cal. Civ. Code 1750, *et seq.*; and (2) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code 17200, *et seq.* (*Id.* ¶¶ 8–25.) Charlton's CLRA claim is almost a carbon copy of his notice letter, where he asks the Court to order ESMI to take the same action that he had demanded in his letter. (*Id.* ¶ 19, Prayer for Relief at 7.) Charlton also, for the first time, asserts a UCL claim based on the same conduct as the CLRA claim. (*Id.* ¶¶ 21–25.) Charlton seeks injunctive relief, but not compensatory damages, for the UCL claim. (*Id.*,

1    Prayer for Relief at 7.) Conspicuously absent from the Complaint is any mention to

2    the Court of the existence of the widely disseminated public recall notices, much

3    less any reference to or copy of ESMI's response letter.

4    **III.    LEGAL STANDARD**

5        **A.    Motion to Dismiss Pursuant to Rule 12(b)(1)**

6        Federal courts lack subject matter jurisdiction to hear claims that are moot.

7    *See In re Burrell,* 415 F.3d 994, 998 (9th Cir. 2005) ("If the controversy is moot,

8    both the trial and appellate courts lack subject matter jurisdiction, and the

9    concomitant 'power to declare the law' by deciding the claims on the merits")

10   (citations omitted). A motion to dismiss based on Article III is properly raised

11   under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 277 F.3d 1214, 1242

12   (9th Cir. 2000).

13       "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for*

14   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the

15   challenger asserts that the allegations contained in a complaint are insufficient on

16   their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it

17   would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's

18   allegations as true and drawing all reasonable inferences in the plaintiff's favor, the

19   court determines whether the allegations are sufficient as a legal matter to invoke

20   the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

21       "[I]n a factual attack," on the other hand, "the challenger disputes the truth of

22   the allegations that, by themselves, would otherwise invoke federal jurisdiction."

23   *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such an attack, unlike with a

24   motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the

25   complaint without converting the motion to dismiss into a motion for summary

26   judgment." *Id.* Moreover, the court "need not presume the truthfulness of the

27   plaintiff's allegations." *Id.* Once the defendant has moved to dismiss for lack of

28   subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB

establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.    Motion to Dismiss Pursuant to Rule 12(b)(6)

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a court must accept the factual allegations in the complaint as true, it need not accept as true "conclusory allegations that are contradicted by documents referred to in the complaint" or "legal conclusions . . . cast in the form of factual allegations." *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (internal quotation marks omitted). "Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). Moreover, under Federal Rule of Civil Procedure 9(b), claims sounding in fraud must be pleaded with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## IV.    ARGUMENT

### A.    Charlton's CLRA and UCL claims are moot.

Two varieties of mootness exist: Article III mootness and prudential mootness. Charlton's CLRA and UCL claims should be dismissed under both doctrines.

#### 1.    Charlton's CLRA and UCL claims should be dismissed under Rule 12(b)(1) because there is no actual or live case or controversy.

Under Article III, section 2 of the United States Constitution, federal courts have jurisdiction to adjudicate only actual "Cases" or "Controversies." U.S. CONST., art. III, § 2, cl. 1. "'[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Seven Words LLC*

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1   *v. Network Solutions,* 260 F.3d 1089, 1095 (9th Cir. 2001) (quoting *Arizonans for*

2   *Official English v. Arizona,* 520 U.S. 43, 67 (1997)); *see also Cook Inlet Treaty*

3   *Tribes v. Shalala,* 166 F.3d 986, 989 (9th Cir.1999) ("The twin pillars of standing

4   and 'case or controversy' go to the heart of Article III jurisdiction. The corollary to

5   these principles is that federal courts have no jurisdiction to hear a case that is

6   moot, that is, where no actual or live controversy exists"); *Rosetti v. Shalala,* 12

7   F.3d 1216, 1223 (3d Cir. 1994) ("Article III does not permit federal courts to decide

8   moot cases").

9       Charlton cannot meet that standard because ESMI's recall program addresses

10  and remediates the alleged battery defect (and the alleged harm flowing from the

11  defect) on which he bases all of his claims, thus eliminating any injury and

12  rendering the claims moot. Indeed, when deciding cases involving analogous recall

13  programs, courts within the Ninth Circuit have held that repair and refund programs

14  moot the plaintiffs' claims and defeat Article III jurisdiction, requiring dismissal. *In*

15  *re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2019 WL 1765817, at *8

16  (N.D. Cal. Apr. 22, 2019) ("Here, Plaintiffs allege no facts about the Keyboard

17  Service Program. Accordingly, Plaintiffs do not allege any facts showing that the

18  Keyboard Service Program does not moot their claims under the CLRA[.]"); *Tosh-*

19  *Surryhne v. Abbott Labs. Inc.*, No. CIV S-10-2603 KJM-EFB, 2011 WL 4500880,

20  at *5 (E.D. Cal. Sept. 27, 2011) (finding the plaintiff's claims to be moot where she

21  failed to take advantage of the defendant's program offering refund and

22  replacement product); *Vavak v. Abbott Laboratories, Inc.*, No. SACV 10-1995 JVS

23  (RZx), 2011 WL 10550065, at *3 (C.D. Cal. June 17, 2011) (dismissing the named

24  plaintiff's claim for monetary damages, holding that because the defendant "offered

25  a full refund to consumers who purchased infant formula from the affected lots,

26  Plaintiff's request for restitution of the monies spent on the product is moot")

27  (internal citation omitted).

28

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Compared to these legal precedents, Charlton's Complaint is even more deficient, because Charlton withheld from the Court information about the existence and the material details of ESMI's recall program, despite having full knowledge of it from ESMI's response letter, which he never mentioned nor attached to his Complaint. A plain read of that letter, as well as the judicially noticeable facts regarding the CPSC-approved recall, makes clear that Charlton's CLRA and UCL claims are entirely moot.

## 2. Even if Charlton's CLRA and UCL claims are not constitutionally moot, they should be dismissed under the prudential mootness doctrine.

Unlike mootness doctrine under Article III, "prudential mootness, '[t]he cousin of the mootness doctrine, in its strict Article III sense, is a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration.'" *Ali v. Cangemi,* 419 F.3d 722, 724 (8th Cir. 2005) (*en banc*) (quoting *Chamber of Commerce v. United States Department of Energy,* 627 F.2d 289, 291 (D.C. Cir. 1980)). "Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate branches of government counsel to stay its hand, and to withhold relief it has the power to grant.'" *Fletcher v. United States,* 116 F.3d 1315, 1321 (10th Cir. 1997) (quoting *Chamber of Commerce v. United States Department of Energy,* 627 F.2d 289, 291 (D.C. Cir. 1980)).

"Where it is so unlikely that the court's grant of [remedy] will actually relieve the injury, the doctrine of prudential mootness—a facet of equity—comes into play. This concept is concerned, not with the court's power under Article III to provide relief, but with the court's discretion in exercising that power." *Penthouse International, Ltd. v. Meese,* 939 F.2d 1011, 1019 (D.C. Cir. 1991). Thus, "[e]ven if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court 'should treat [the case] as

1    moot for prudential reasons.'" *Cangemi*, 419 F.3d at 724 (quoting *United States v.*

2    *(Under Seal),* 757 F.2d 600, 603 (4th Cir. 1985)).

3        "The prudential mootness doctrine has been adopted by the First, Third,

4    Fourth, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits." *Nasoordeen v. F.D.I.C.,* No.

5    CV 08–05631 MMM, 2010 WL 113588, at *6 (C.D. Cal. Mar. 17, 2010). While the

6    Ninth Circuit has not expressly adopted the doctrine of prudential mootness, it has

7    never rejected the doctrine (nor has any other court), and has alluded to the doctrine

8    with approval. *See Hunt v. Imperial Merchant Services, Inc.,* 560 F.3d 1137, 1142

9    (9th Cir. 2009) (noting that "[p]erhaps some cases that are 'anticipatorily moot'

10   might permissibly be dismissed [based on the] doctrine of 'prudential mootness,'

11   adopted by some of our sister circuits[.]'" (quoting *S. Utah Wilderness Alliance v.*

12   *Smith,* 110 F.3d 724, 727 (10th Cir. 1997), and citing *Chamber of Commerce,* 627

13   F.3d at 291)). "In addition, courts within the Ninth Circuit have consistently held

14   that prudential mootness is a viable doctrine." *Nasoordeen,* 2010 WL 113588, at

15   *6 (collecting cases).

16       One of those cases, *Cheng v. BMW of North America, LLC*, No. CV 12-

17   09262 GAF (SHx), 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013), is

18   instructive. There, the defendant, BMW, announced a voluntary recall with the

19   National Highway Traffic Safety Administration ("NHTSA") of certain vehicles

20   that had a roll away defect. *Id.* at 1. Days after BMW announced the recall, plaintiff

21   filed a putative class action against BMW alleging the same defect. *Id.* Relying on a

22   Tenth Circuit case with highly analogous facts, *Winzler v. Toyota Motor Sales*

23   *U.S.A., Inc.*, 681 F.3d 1208 (10th Cir. 2012), the court held that plaintiff's CLRA

24   claim is "mooted by the NHTSA recall and repair remedy BMW made available"

25   through the NHTSA recall. *Cheng*, 2013 WL 3940815, at *2.

26       In reaching that decision, the court in *Cheng*, like the Tenth Circuit in

27   *Winzler*, gave a great deal of deference to the fact that the "recall is being

28   conducted under the auspices of the National Traffic and Motor Vehicle Safety

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1  Act." *Id.* at 4. By doing so, "BMW is obligated by statute to notify all relevant

2  registered owners of the defect …, and offer a repair or replacement remedy at no

3  cost." *Id.* More importantly, "BMW has subjected itself to [the] continuing

4  oversight of the NHTSA, which 'has the ability to ensure BMW's full compliance

5  through fines." *Id.* Central to *Cheng*'s reasoning is the following explanation from

6  the *Winzler* court, which the *Cheng* court cited in full, and worth reproducing here

7  for the light it sheds on this case:

8      [A]ny party invoking the equitable remedial powers of the federal
    courts must still "satisfy the court that [the requested] relief is needed,"

9      and when it comes to assessing that question, a remedial promise
    always qualifies as "one of the factors to be considered." (citations

10      omitted). Though a remedial promise may not be enough to kill a case
    constitutionally, it can be enough to bring it to an end all the same as a

11      matter of equity. The weight a remedial promise plays in the equitable
    calculus depends, of course, on who is making the promise and the

12      reliability of that party's past promises. And it should come as no
    surprise that the remedial commitments of the coordinate branches of

13      the United States government bear special gravity.

14  *Cheng*, 2013 WL 3940815, at *3 (citing *Winzler*, 681 F.3d at 1210–11).

15      The same logic applies here, where the facts are nearly identical but merely

16  swaps out one United States agency (NHTSA) for another (CPSC). Just like BMW

17  in *Cheng* and Toyota in *Winzler*, ESMI has been working under the oversight of

18  CPSC, and through a CPSC-approved recall program, offering a replacement

19  remedy to consumers at no cost. Because of the remedial commitments ESMI has

20  made to CPSC, and consequently to ESMI's consumers, Charlton's CLRA and

21  UCL claims should be dismissed under the prudential mootness doctrine.

22      **B.**    **Charlton's UCL claim should be dismissed under Rule 12(b)(6)**

23          **because he fails to allege any unlawful, unfair, or fraudulent conduct.**

24      To state a UCL claim, a plaintiff must allege business activity that is

25  "unlawful, unfair or fraudulent." Cal. Bus. & Prof. Code § 17200. Charlton has

26  failed to allege any such conduct, dooming his UCL claim.

27

28

### 1.    The Unlawful Prong

Charlton's claim under the UCL's "unlawful" prong is based solely on the allegation that ESMI violated the CLRA. (Doc. No. 1, Ex. A, Compl. ¶ 22.) Because Charlton fails to state a claim under the CLRA for the reasons set forth above, his UCL "unlawful" claim also fails. *Metro Publ'g, Ltd. v. San Jose Mercury News, Inc.*, 861 F. Supp. 870, 881 (N.D. Cal. 1994) (dismissing UCL claim after underlying trademark infringement and dilution claims were dismissed).

### 2.    The Unfair Prong

The Complaint's various conclusory allegations about allegedly "unfair" practices fail to state a claim under the UCL. California courts have applied various standards in determining a business practice is "unfair" under the UCL. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736–37 (9th Cir. 2007). The Ninth Circuit recently recapitulated the various standards for determining unfairness as follows: "Under the UCL's unfairness prong, courts consider either: (1) whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, … (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020) (internal citations and quotations omitted). Charlton's allegations do not meet any of these standards.

*First*, under the "public policy" test for unfairness, the UCL claim must be "tethered" to some alleged violation of "specific constitutional, statutory, or regulatory provisions." *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013) (internal quotation marks omitted); *see also Cel-Tech*, 20 Cal. 4th at 186–87. Here, Charlton has not alleged facts "tethered" to any violation of constitutional, statutory, or regulatory provision. *See, e.g.*, *Flores v. Wells Fargo Bank, N.A.*, No. 11-6619 JSC, 2012 WL 2427227, at *8 (N.D. Cal. June 26, 2012)

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

(dismissing UCL "unfair" claim where no legislative policy allegedly violated); *Long v. Graco Children's Prods. Inc.*, No. 13-cv-01257-WHO, 2013 WL 4655763, at *9 (N.D. Cal. Aug. 26, 2013) (finding plaintiff did not meet the public policy test for the unfair prong because the complaint provided only a "vague allusion to 'consumer protection and unfair competition laws'" (citation omitted)).

*Second*, under the "balancing test" for unfairness, Charlton must allege a business practice that "is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1050 (N.D. Cal. 2014) (internal quotation marks omitted). The Complaint is devoid of any allegation of "immoral, unethical, oppressive, [or] unscrupulous" conduct by ESMI. *See*, *e.g.*, *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2010 WL 2486353, at *8 (N.D. Cal. June 16, 2010) (dismissal warranted where complaint "devote[d] only a single paragraph to these complex concepts . . . alleging vaguely that . . . '[t]he gravity of [the defendant's] alleged wrongful conduct outweighs any purported benefits attributable to such conduct'" (citation omitted)). Indeed, ESMI's implementation of a voluntary recall is the opposite of immoral—it is ESMI acting ethically to address any consumer concerns. Additionally, Charlton alleges no injury that will not be remedied by the recall. For these reasons, Charlton fails to state a claim for relief under the balancing test.

*Third*, under the FTC standard for unfairness, Charlton must allege facts to establish that "(1) the injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) the injury must be one that the consumer could not reasonably have avoided." *Lyons v. Bank of Am., NA*, No. 11-01232 CW, 2011 WL 3607608, at *10 (N.D. Cal. Aug. 15, 2011).[3] Charlton's Complaint is completely silent on all of these allegations. All

---

[3] The Ninth Circuit has been critical of applying the FTC standard in consumer cases. *See McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1054 (C.D. Cal.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Charlton has is a *single* paragraph that merely recites in rote form the bare elements of a UCL claim. (Doc. No. 1, Ex. A, Compl. ¶ 22.) Such a bare recitation of the mere legal elements of a claim falls far short of the plausible facts required to satisfy *Twombly / Iqbal's* clear mandates. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do" to survive a motion to dismiss).

### 3.    The Fraudulent Prong

Charlton also fails to satisfy the rigorous standard of Rule 9(b) under the UCL's "fraud" prong. Under Rule 9(b), claims sounding in fraud must be pleaded with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy Rule 9(b), a pleading must identify "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations and internal quotation marks omitted). Merely "set[ting] forth . . . the neutral facts necessary to identify the transaction" is insufficient. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).

Charlton fails entirely to satisfy these requirements. Indeed, Charlton does not even satisfy the threshold requirement of identifying any statement by ESMI. Nor does he allege with any particularity *which* distributor he purchased his RESU battery from, *what* RESU battery model he purchased, *when* he purchased his RESU battery, *where* he purchased his RESU battery, and *how* his battery was

---

2014) ("The Ninth Circuit has rejected the section 5 test in the consumer context, explaining that although the California Supreme Court did reference FTC's section 5 as a source of guidance, that discussion clearly revolves around anti-competitive conduct, rather than anti-consumer conduct." (internal quotation marks omitted)) (citing *Lozano*, 504 F.3d at 736). *But see Hensley-Maclean v. Safeway, Inc.*, No. CV 11-01230 RS, 2014 WL 1364906, at *8–9 (N.D. Cal. Apr. 7, 2014) (citing *Lyons*, 2011 WL 3607608, at *10) (applying FTC standard after *Lozano*). But even if the FTC standard applies, Charlton's allegations plainly fail to meet this standard.

allegedly defective. *See, e.g.*, *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2010) (allegation of "repeated[]" purchases without identifying specific dates of purchase and product packaging was insufficient) (internal quotation marks omitted).

Likewise, because he identifies no allegedly fraudulent statements on which he relied—whether on a label, website, or elsewhere—Charlton fails to provide the requisite details about those statements. For example, Charlton points only in the vaguest terms that ESMI "marketed and sold LG RESU batteries in California," but fails to specify the alleged "representations" that he relied on. (Doc. No. 1, Ex. A, Compl. ¶¶ 10-13, 16.) These allegations are insufficient. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing complaint where plaintiff failed to "specify what the television advertisements or other sales material specifically stated," "when he was exposed to them," and "which ones he found material"); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1013–14 (N.D. Cal. 2014) (dismissing claim alleging plaintiff "reviewed . . . marketing materials and representations" and that his purchase was "based on those representations," but "fail[ed] to specify which, if any, of these statements [the plaintiff] personally reviewed and relied on") (internal quotation marks omitted).

## C. Charlton's claim for injunctive relief under both the CLRA and the UCL should be dismissed under Rule 12(b)(6) for failure to plead any inadequacies of his legal remedies.

Finally, Charlton's claim for injunctive relief under both the CLRA and the UCL should be dismissed because he does not, and cannot, plead that his legal remedies under the CLRA are inadequate, a requirement to state a claim for injunctive relief. The CLRA allows plaintiffs to request injunctive relief in addition to monetary damages. Cal. Civ. Code § 1780(a); *Benson v. S. Cal. Auto Sales, Inc.*, 239 Cal. App. 4th 1198, 1205 (2015). "[A] UCL action is equitable in nature," *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003), and the "remedies available in a UCL … action are limited to injunctive

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

relief and restitution," both of which are equitable remedies. *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (Cal. Ct. App. 2009). Charlton failed to plausibly plead injunctive relief under both statutes.

The Ninth Circuit has clearly instructed, "[t]he equitable remedies available under the Unfair Competition Law (UCL) and the Consumer Legal Remedies Act are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'" *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018); *see also Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992) ("[I]t is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief").

Accordingly, Charlton was "required to plead the inadequacy of his legal remedies to state a claim for injunctive relief." *Philips*, 726 F. App'x at 609. Yet, nowhere in his Complaint did he allege his legal remedies under the CLRA are inadequate, or that he would face irreparable harm. Quite the opposite, Charlton's allegations confirm that there is no threat of recurring future harm from the sale of these defective batteries. *See* Doc. No. 1, Ex. A, Compl. ¶ 13 ("Because of these safety concerns ***most, if not all, of these batteries, have been taken out of service***."); *id.* ¶ 20 (alleging LGES is "***selling new, non-defective batteries to new customers***" to support his punitive damages claim under the CLRA).

And for that reason, the injunctive relief claims under the CLRA and the UCL should be dismissed. *Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1088 (S.D. Cal. 2021) (granting defendant's motion to dismiss plaintiff's UCL claim because "Plaintiffs have failed to allege that they and members of the putative class will be irreparably harmed or denied an adequate remedy at law in the absence of equitable relief"); *Philips*, 726 F. App'x at 609 (affirming dismissal of UCL and CLRA claims because plaintiffs' "complaint failed to plausibly state the inadequacy of their legal remedies").

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Nor could Charlton cure his complaint through amendment, because ESMI had already discontinued sale of the affected batteries at issue. In his October 6, 2021 notice letter, Charlton included the verbatim demand to ESMI to cease sale of the defective batteries. (RJN Ex. 3, 10/6/2021 Charlton Notice Ltr. at 3.) But as ESMI explained to Charlton in its November 4, 2021 response letter, which was intentionally omitted but judicially noticeable, ESMI had already discontinued sale of the affected batteries at issue, and has no intention of any future sales of such batteries potentially bearing the alleged defects. (RJN Ex. 4, 11/4/2021 ESMI Resp. Ltr. at 3.) Since there is no threat of recurring future harm, injunctive relief under the CLRA and UCL is unavailable, and there is no basis for filing suit for injunctive relief under either statute. *Philips*, 726 F. App'x at 609. Because Charlton is only seeking injunctive relief under his UCL claim (Doc. No. 1, Ex. A, Compl., Prayer for Relief ¶ 4), his UCL claim should be dismissed in its entirety.

## V.    CONCLUSION

For the foregoing reasons, ESMI respectfully requests that the Court dismiss Charlton's Complaint in its entirety, with prejudice.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1    Dated:        January 5, 2021            **McDERMOTT WILL & EMERY LLP**

2

3                                            By: */s/ Jason D. Strabo*
                                             Jason D. Strabo (SBN 246426)
4                                            Jstrabo@mwe.com
                                             2049 Century Park East, Suite 3200
5                                            Los Angeles, CA 90067-3206
                                             Telephone: (310) 277-4110
6                                            Facsimile: (310) 277-4730

7                                            Andrew Lee (*Pro Hac Vice*
                                             Application to Be Filed)
8                                            Ajlee@mwe.com
                                             500 North Capitol Street, NW
9                                            Washington, DC 20001-1531
                                             Telephone: (202) 756-8000
10                                           Facsimile: (202) 756-8087

11                                           Han Cui (*Pro Hac Vice* Application to
                                             Be Filed)
12                                           Hcui@mwe.com
                                             444 West Lake Street
13                                           Chicago, IL 60606-0029
                                             Telephone: (312) 372-2000
14                                           Facsimile: (312) 984-7700

15                                           *Attorneys for Defendant*
                                             *LG Energy Solution Michigan, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

MEM. OF POINTS & AUTHORITIES ISO
MOTION TO DISMISS
CASE NO. 3:21-CV-02142-CAB-JLB