**McDERMOTT WILL & EMERY LLP**
Jason D. Strabo (SBN 246426)
Jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Andrew Lee (*Pro Hac Vice* Application to Be Filed)
Ajlee@mwe.com
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Han Cui (*Pro Hac Vice* Application to Be Filed)
Hcui@mwe.com
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Attorneys for Defendant*
*LG Energy Solution Michigan, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. CHARLTON, PhD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ENERGY SOLUTION MICHIGAN, INC., and DOES 1-50,<br><br>Defendants. | CASE NO. 3:21-cv-02142-CAB-JLB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LG ENERGY SOLUTION MICHIGAN, INC.'S MOTION TO DISMISS**<br><br>[Fed. R. Evid. Rule 201]<br><br>Hearing Date: February 9, 2022<br>Place: Courtroom 15A, 15th Floor<br>Judge: Hon. Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Pursuant to Rule 201 of the Federal Rules of Evidence, and for the reasons stated below, Defendant LG Energy Solution Michigan, Inc. ("ESMI") hereby respectfully requests that, in connection with its Motion to Dismiss filed and served concurrently herewith, the Court take judicial notice of the following documents:

(1) ESMI's December 16, 2020 Home Energy Storage Batteries Recall in Conjunction with the U.S. Consumer Product Safety Commission ("CPSC"). A true and correct copy of the publicly available recall announcement from CPSC's website is attached hereto as Exhibit 1.

(2) ESMI's August 4, 2021 Home Energy Storage Batteries Recall in Conjunction with the CPSC. A true and correct copy of the publicly available recall announcement from CPSC's website is attached hereto as Exhibit 2.

(3) Plaintiff Stephen J. Charlton's ("Charlton") October 6, 2021 Notice Letter to ESMI. A true and correct copy of the letter is attached hereto as Exhibit 3.

(4) ESMI's November 4, 2021 Response Letter to Charlton. A true and correct copy of the letter is attached hereto as Exhibit 4.

**I. The Court should take judicial notice of ESMI's two battery recalls in conjunction with the CPSC (Exhibits 1–2) under Rule 201 of the Federal Rules of Evidence.**

Under Rule 201(b) of the Federal Rules of Evidence, "[c]ourts may take judicial notice of an adjudicative fact that is 'not subject to reasonable dispute,'" meaning that it is 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2019 WL 1765817, at * 8 (N.D. Cal. April 22, 2019) (citing Fed. R. Evid. 201(b)).

The Ninth Circuit has held that "a court may take judicial notice of records and reports of administrative bodies." *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (internal quotation marks omitted); *see also Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at *1 (N.D. Cal. 2019) (taking judicial notice

of documents from the National Highway Traffic Safety Administration ("NHTSA") in deciding motion to dismiss) (citing *Mack*, 798 F.2d at 1282).

Here, the two battery recalls by ESMI (Exhibits 1–2) were approved and accepted by the CPSC, and announced on CPSC's public website. They are generally known and not subject to reasonable dispute. Thus, the Court should take judicial notice of these recalls.

## II. The Court should take judicial notice of Charlton's notice letter and ESMI's response letter (Exhibits 3–4) under the incorporation by reference doctrine.

The incorporation by reference doctrine "permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)). Here, Charlton referenced his October 6, 2021 notice letter multiple times in the Complaint, but never attached it to his pleading. (Doc. No. 1, Ex. A, Compl. ¶¶ 9, 10, 13.) Since no party questions the authenticity of his letter, the Court should consider it in ruling ESMI's Motion to Dismiss.

Additionally, the Court should take judicial notice of ESMI's November 4, 2021 response letter to Charlton. The Ninth Circuit has stated that it is proper for a district court to consider a document that was not mentioned in the complaint to prevent a plaintiff from "deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). This rule prevents a plaintiff from avoiding the dismissal of a legally deficient claim simply by failing to attach a document integral to the allegations in the complaint. *See Cortec Indus., Inc. v. Sum Holdings L.P.*, 949 F.2d 42, 44 (2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to

1  avoid—may not serve as a means of forestalling the district court's decision on the
2  motion [to dismiss]."); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998
3  F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an
4  undisputedly authentic document that a defendant attaches as an exhibit to a motion
5  to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff
6  with a legally deficient claim could survive a motion to dismiss simply by failing to
7  attach a dispositive document on which it relied.") (citations omitted).

8        Here, Charlton's October 6, 2021 notice letter and ESMI's November 4,
9  2021 response letter are integral to Charlton's ability to bring his claims because
10 California's Consumer Legal Remedies Act ("CLRA") imposes a specific
11 requirement that "prior to the commencement of an action for damages" under the
12 CLRA, a plaintiff must serve a written notice of demand and request for correction,
13 repair, replacement, or rectification (Cal. Civ. Code § 1782(a)), and makes clear
14 that "[n]o action for damages may be maintained under Section 1780 if an
15 appropriate correction, repair, replacement, or other remedy is given, or agreed to
16 be given within a reasonable time, to the consumer within 30 days after receipt of
17 the notice" (Cal. Civ. Code § 1782(b)). Here, Charlton specifically requests in his
18 Complaint as a remedy on his CLRA claim an award of damages. (Doc. No. 1, Ex.
19 A, Compl. ¶ 2.) The two letters are therefore integral to Charlton's ability to bring a
20 claim under the CLRA, yet Plaintiff deliberately omitted any reference to ESMI's
21 response letter, which details the recall effort that ESMI has committed to in
22 conjunction with the CPSC, which, as noted above, Plaintiff also fails to attach to
23 the Complaint. Charlton cannot, by withholding integral correspondence related to
24 a prima facie requirement to bring his claims, forestall a resolution on the merits.
25 *See, e.g., Cortec Indus., Inc.*, 949 F.2d at 44. Accordingly, following legal
26 precedents from the Ninth and other circuits, the Court should take judicial notice
27 of ESMI's response letter, despite Charlton's omission of the letter from his
28 Complaint.

- 3 -      REQUEST FOR JUDICIAL NOTICE
CASE NO: 3:21-CV-02142-CAB-JLB

1    For the reasons set forth above, this Court should take judicial notice of
2  Exhibits 1–4 attached to this Request for Judicial Notice in ruling ESMI's Motion
3  to Dismiss.

4    Dated:   January 5, 2021    **McDERMOTT WILL & EMERY LLP**

By: */s/ Jason D. Strabo*
Jason D. Strabo (SBN 246426)
Jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Andrew Lee (*Pro Hac Vice* Application to Be Filed)
Ajlee@mwe.com
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Han Cui (*Pro Hac Vice* Application to Be Filed)
Hcui@mwe.com
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Attorneys for Defendant*
*LG Energy Solution Michigan, Inc.*