# TABLE OF CONTENTS
## OF EXHIBITS TO REQUEST FOR JUDICIAL NOTICE

PAGE

EXHIBIT 1 ................................................................................................................5

EXHIBIT 2 ..............................................................................................................10

EXHIBIT 3 ..............................................................................................................14

EXHIBIT 4 ..............................................................................................................18

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- i -

TABLE OF CONTENTS OF EXHIBITS TO
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:21-CV-02142-CAB-JLB

# EXHIBIT 1



United States
**CONSUMER PRODUCT
SAFETY COMMISSION**

# LG Energy Solution Michigan Recalls Home Energy Storage Batteries Due to Fire Hazard

 The firm's contact information has been updated. August 3, 2021.

Exhibit 1
Page 5



Recalled RESU 10H (Type-R) home battery

 

**Name of Product:**

LG Chem "RESU 10H" Lithium-Ion Residential Energy Storage System

**Hazard:**

Exhibit 1
Page 6

The home ba  e ie    n ove he  , po ing    i k of fi e  nd emi  ion of h  mful  moke.

**Remedy:**

Replace

**Recall Date:**

December 16, 2020

**Units:**

About 1,815

---

## Consumer Contact

LG Energy Solution Michigan toll-free at 888-737-8104 from 9 a.m. to 5 p.m. ET Monday through Friday, email at RESUservice@lgensol.com, or online at www.lgessbattery.com/us and click on "Battery Recall: Free Replacement Campaign" for more information.

Exhibit 1
Page 7

# Recall Details

**Description:**

This recall involves the LG Chem Model RESU 10H lithium-ion storage battery that is installed as part of a residential energy solar panel system.  The recalled battery allows owners to capture and store energy from the solar panels.  The batteries are wall mounted and measure 29.30 x 35.70 x 8.10 inches.  They weigh roughly 220 pounds.  The LG Chem logo is located on the top left side of the front panel.  The serial number of the recalled product begins with R15563P3SSEG and is located behind the access door of the RESU 10H (Type-R) home battery.

**Remedy:**

Consumers with recalled batteries should immediately contact LG Energy Solution Michigan to schedule a free replacement.  LG Energy Solution Michigan, its distributors and its installers also are attempting to contact all owners directly to arrange for modifications to the recalled batteries to reduce the risk of overheating until they can be replaced with new batteries.

**Incidents/Injuries:**

The firm has received five reports of fires resulting in minor property damage.  No injuries have been reported.

**Sold At**

Exhibit 1
Page 8

Various distributors of solar energy storage systems nationwide, including, but not limited to Sunrun, AEE Solar, Baywa, CED, Krannich, Independent Electric Supply, and Inter Island Solar Supply, from January 2017 through March 2019 for about $8,000.

## Manufactured In:

Korea

## Importer(s):

LG Energy Solution Michigan, Inc., of Holland, Mich. (formerly LG Chem Michigan Inc.), a wholly-owned subsidiary of LG Energy Solution, Ltd. (in turn a wholly-owned subsidiary of LG Chem Ltd.).

## Recall number:

21-055

This recall was conducted, voluntarily by the company, under CPSC's Fast Track Recall process. Fast Track recalls are initiated by firms, who commit to work with CPSC to quickly announce the recall and remedy to protect consumers.

Exhibit 1
Page 9

# EXHIBIT 2



United States
**CONSUMER PRODUCT
SAFETY COMMISSION**

# LG Energy Solution Michigan Recalls Home Energy Storage Batteries Due to Fire Hazard



Recalled RESU 10H home battery

 

⟩

Exhibit 2
Page 10



**Name of Product:**

LG Chem "RESU10H" Lithium-Ion Residential Energy Storage System Batteries

**Hazard:**

The home batteries can overheat, posing a risk of fire and emission of harmful smoke.

**Remedy:**

Replace

**Recall Date:**

August 04, 2021

**Units:**

About 10,000 (In addition, 2017-2019 RESU 10H were previously recalled for a fire hazard on December 16, 2020.)

---

## Consumer Contact

LG Energy Solution Michigan toll-free at 888-737-8104 from 9 a.m. to 5 p.m. ET Monday through Friday, email at RESUservice@lgensol.com, or online at www.lgessbattery.com/us or https://www.lgessbattery.com/us/main/main.lg and click on "Battery Recall: Free Replacement Campaign" for more information.

---

Exhibit 2
Page 11

# Recall Details

**Description:**

This recall involves LG Chem Model RESU 10H lithium-ion storage batteries that were installed as part of a residential energy solar panel system. The recalled batteries allow owners to capture and store energy from the solar panels. The batteries are wall mounted and measure about 29 by 36 by 8 inches. They weigh roughly 220 pounds. The LG logo is located on the top left side of the front panel. The serial number of the recalled product begins with R15563P3 and is located behind the access door of the RESU home battery.

**Remedy:**

Consumers with recalled batteries should immediately contact LG Energy Solution Michigan to schedule a free replacement. LG Energy Solution Michigan will arrange for modifications to recalled batteries that are connected online to reduce the risk of overheating until they can be replaced with new batteries. LG Energy Solution Michigan, its distributors, and its installers  also are attempting to contact owners directly.

**Incidents/Injuries:**

The firm has received five reports of the lithium storage batteries smoking and catching on fire, resulting in property damage and one injury.

Exhibit 2
Page 12

**Sold At**

Various distributors of solar energy storage systems nationwide, including, but not limited to Sunrun, AEE Solar, Baywa, CED, Krannich, Independent Electric Supply, and Inter Island Solar Supply from January 2017 through April 2019 for about $8,000.

**Manufactured In:**

Korea

**Importer(s):**

LG Energy Solution Michigan, Inc., of Holland, Mich. (formerly LG Chem Michigan Inc.), a wholly-owned subsidiary of LG Energy Solution, Ltd. (in turn a wholly-owned subsidiary of LG Chem Ltd.).

**Recall number:**

21–175

 This recall was conducted, voluntarily by the company, under CPSC's Fast Track Recall process. Fast Track recalls are initiated by firms, who commit to work with CPSC to quickly announce the recall and remedy to protect consumers.

Exhibit 2
Page 13

# EXHIBIT 3

# LAW OFFICE OF MICHAEL A. CONGER

Post Office Box 9374
16236 San Dieguito Road, Suite 4-14
Rancho Santa Fe, CA 92067
(858) 759-0200
(858) 759-1906 (fax)
web site: www.lawconger.com
email: mike@lawconger.com

Michael A. Conger

Civil Litigation
Employment Law
Business Law
Governmental Law

October 6, 2021

**Certified Mail, Return Receipt Requested**

LG Energy Solution Michigan, Inc.
c/o Corporation Service Company
CSC-Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

Re:    **Notice Pursuant to California Civil Code Section 1782**

Dear LG Energy Solution, Inc.:

Pursuant to California Civil Code section 1782, the purpose of this letter is to provide notice to LG Energy Solution, Inc. ("LG") and to demand correction, repair, replacement, and compensation as described in this letter. This letter is written on behalf of my client Dr. Stephen J. Charlton, both on his behalf and on behalf of all California consumers who purchased an LG Residential Energy Storage Unit ("RESU") battery in the three years before the date on this letter.

LG RESU batteries were sold and marketed to provide energy storage and backup power for homes. The batteries are designed to pair with a home solar system and connect directly to a storage-ready solar inverter for charging and discharging. The LG advertising for these batteries stated that during the day, when the sun is high in the sky, home solar systems produce more electricity than the house needs ("battery arbitrage"). That stored solar energy can be used to power the home later in the evening, after the sun sets. The battery was also marketed to provide stored energy in the event of a power failure. Dr. Charlton and all members of the class relied on LG's representations, and changed their position by purchasing LG's batteries at a cost of several thousands of dollars.

In the three years before the date of this letter, LG has sold battery storage systems that do not work as represented to thousands of Californians. These batteries are dangerous and several have caused fires and property damage. Because of these safety concerns most, if not all, of these batteries, have been taken out of service. Other batteries may be operating

Exhibit 3
Page 14

LG Energy Solution Michigan, Inc.
October 6, 2021
Page 2

but pose a dangerous safety risk. Dr. Charlton and all similarly situated class members have therefore lost the benefit of their battery purchase—namely the ability to (1) store energy during the day and then use that stored energy when electric companies charge the highest rates and (2) use stored energy in the event of a power failure and (3) to do so safely.

The California Consumers Legal Remedies Act ("CLRA") prohibits a variety of specified unfair or deceptive acts "in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." The purpose of the CLRA is to protect consumers against these acts and "to provide efficient and economical procedures to secure such protection." California Civil Code section 1770 specifies unfair or deceptive practices and prohibits transactions undertaken by any person (or company) in a transaction intended to result or that results in the sale or lease of goods or services to any consumer. That law provides, in relevant part:

> (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:
>
> . . .
>
> (5) Representing that goods or services have . . . characteristics, . . . uses, [or] benefits . . . that they do not have . . . .
>
> (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.
>
> . . .
>
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.
>
> (17) Representing that the consumer will receive a[n] . . . economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

Civil Code section 1760 provides: "shall be liberally construed and applied to promote its

Exhibit 3
Page 15

LG Energy Solution Michigan, Inc.
October 6, 2021
Page 3

underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

By representing that LG batteries are safe for use in homes, and provide the ability to (1) store energy during the day and then use that stored energy when electric companies charge the highest rates and (2) use stored energy in the event of a power failure, when these representations are untrue, LG has violated the CLRA.

Demand is hereby made as follows:

1.   LG must make reasonable efforts to identify all California consumers similarly situated, i.e, who purchased LG solar batteries in the past three years.

2.   All consumers so identified must be notified that upon their request LG shall make the appropriate correction, repair, replacement, or other remedy of the goods and services.

3.   LG must offer each of these consumers the option of either: (a) a full refund of the battery purchase price, and a full refund of the cost of the inverter, both with interest at ten percent from the date of purchase to the date of refund; or (b) replacement of each LG battery with a battery that will accomplish the objectives (of battery arbitrage and stored energy in the event of a power failure) that LG represented. The choice of option belongs to each consumer and each must be so notified.

4.   LG must also compensate each class member for the lost battery arbitrage and loss of power failure backup power until such time as one of the options above is selected and the correction, repair, remedy and corrective action actually occurs.

5.   LG must agree to these demands within a reasonable time and in no event more than 30 days from the date of this letter, even if implementation of the remedies then takes a reasonable time to accomplish.

6.   LG must cease from engaging in the methods, acts, and practices specified above (i.e., violation of Civ. Code § 1770, subds. (a)(5), (7), (16)-(17)).

Exhibit 3
Page 16

LG Energy Solution Michigan, Inc.
October 6, 2021
Page 4


     Please contact me if you have any questions or would like to discuss the correction, repair, replacement, and compensation as described in this letter.


                Very truly yours,


                Michael A. Conger


cc:    client

Exhibit 3
Page 17

# EXHIBIT 4



mwe.com

Andrew Lee
Attorney at Law
ajlee@mwe.com
+1 202 756 8480

November 4, 2021

Michael A. Conger
Law Office of Michael A. Conger
Post Office Box 9374
16236 San Dieguito Road, Suite 4-14
Rancho Santa Fe, CA 92067

Re:     Notice of Correction, Repair, Replacement, and Remedy Pursuant to California Civil Code Section 1782

Dear Mr. Conger:

I write on behalf of LG Energy Solution Michigan, Inc. ("LGESMI") in response to your October 6, 2021 letter regarding your notice and demand to LGESMI under the California Consumers Legal Remedies Act ("CLRA"), on behalf of Dr. Charlton and all California consumers who purchased an LG Residential Energy Storage Unit ("RESU") battery in the three years before the date on your letter. Before we address the substance of your letter, we want to start by reiterating our commitment and care for our customers.

LGESMI is committed to ensuring product safety and providing the highest quality and service to its customers. As further described below, LGESMI is continuously reevaluating its company-wide safety and quality processes and undertakes prompt and effective action if any issues arise that may affect customer safety. LGESMI has taken and will continue to take preemptive action to ensure that customer safety remains its highest priority.

In your letter, you purport to give notice, pursuant to the CLRA, of certain claims that your client and a class consisting of all other consumers similarly situated throughout the State of California, intend to assert against LGESMI arising out of alleged defects in LGESMI battery products, and threaten that if LGESMI refuses to undertake a series of specific steps, you will file suit for damages on behalf of Dr. Charlton.

LGESMI disputes the claims set forth in your letter. As further set forth below, Dr. Charlton has no claim under the CLRA, cannot maintain an action under the CLRA for damages as an individual or as a class, and were any such action for damages to be filed, attorneys' fees would be unavailable

McDermott
Will & Emery

500 North Capitol Street NW, Washington, DC 20001   Tel +1 202 756 8480   Fax +1 202 756 8087

*US practice conducted through McDermott Will & Emery LLP.*

Exhibit 4
Page 18

Michael Conger
November 4, 2021
Page 2

because LGESMI has already given, or agreed to give within reasonable time, appropriate correction, repair, replacement, and additional remedy to all RESU battery consumers.

For starters, LGESMI worked closely with the U.S. Consumer Product Safety Commission ("CPSC") to announce a recall of certain RESU10H model ESS home batteries on December 16, 2020. The recalled products contained battery cells from specific manufacturing lots from 2017 and 2018, which LGESMI identified as posing a risk of overheating in rare circumstances when exposed to harsh external environments. After having concluded its root cause analysis, and as part of its continued commitment to product safety and customer service, on August 4, 2021, LGESMI announced a second recall of additional RESU10H home batteries. In both instances, the remedy, which has been approved and accepted by the CPSC, is replacement of the identified battery modules with LGESMI's new, state-of-the-art products with improved performance features, which are covered by a renewed 10-year warranty starting from the date of replacement.

In connection with both recalls, LGESMI and the CPSC each distributed press releases, which remain available online. LGESMI published additional press releases about its replacement campaign on June 3 and June 23, 2021 and maintains a list of frequently asked questions about the program on its website. LGESMI's website also directs visitors to a page entitled "Battery Recall: Free Replacement Campaign," which contains all of the foregoing information as well as a function to check product serial numbers against the recall population. Additionally, LGESMI has already contacted thousands of end users by letter to inform them of the replacement program and operates a call center to field consumer questions regarding the program. LGESMI's distributors also are cooperating with LGESMI's efforts to identify end-user contact information and facilitate identification of and direct communications with end users.  To date, LGESMI has made significant progress in replacing units in the recall population, and importantly, with regular reporting obligations with CPSC.  As LGESMI continues to work on the replacements, LGESMI has also arranged remotely for temporary software modifications to recalled batteries in units that are connected online to further reduce the risk of overheating pending replacement of the product.

Accordingly, because LGESMI commits to the foregoing, under the express language of section 1782(b) and 1782(c) of the CLRA, "no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice." Among other things, under settled case law, where, as here, the replacement product is effective, consumers receive "precisely what [they] bargained for" and have "no claim against the company." *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prod. Liab. Litig.*, 915 F. Supp. 2d 1151, 1157 (C.D. Cal. 2013); *see also Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at *5 (N.D. Cal. Aug. 21, 2019) (dismissed CLRA claim because the product recall provided an adequate remedy and "Plaintiffs have not plausibly alleged that Ford's recall remedy [which involved a repair] will fail to cure the Defect."). Accordingly, because LGESMI has agreed to the foregoing corrections, repairs, or replacements, no action for damages is maintainable under the CLRA.

# McDermott
# Will & Emery

Exhibit 4
Page 19

Michael Conger
November 4, 2021
Page 3

Likewise, in light of these corrections, the remaining remedies contemplated by the CLRA are similarly unavailable. Because LGESMI has discontinued sale of the affected batteries at issue in your demand letter, and has no intention of any future sales of such batteries potentially bearing the alleged defects at issue in Dr. Charlton's battery, there is no threat of recurring future harm. Accordingly, there is no basis for filing suit for injunctive relief under the CLRA. Further, because LGESMI has offered an appropriate correction in response to your notice, not only can Dr. Charlton not maintain a suit for damages individually or as a class under the CLRA, he also cannot collect attorney fees for such a suit. *Benson v. S. Cal. Auto Sales, Inc.*, 239 Cal. App. 4th 1198, 1212 (2015) ("Attorney fees are not recoverable in actions for damages under the CLRA unless the response to the notice letter is not an appropriate one[.]"). This legislation is set up this way to promote the dual purposes of protecting consumers and "providing efficient and economical procedures to secure such protection." *Id.* "It is neither efficient nor economical to engage in protracted litigation and to run up attorney fees when an appropriate correction has been offered at the very outset," as LGESMI has done so here. As the *Benson* court put it best, it's not "the purpose of the CLRA to have lawyers receive a windfall when they make such claims." *Id.* Under this clear legal standard, your client cannot recover attorney fees.

LGESMI has already provided, or has agreed to provide, appropriate remedies and met the requisite showings under the CLRA. We trust that this resolves the CLRA claims you contemplated in your notice. Should you disagree or would like to discuss LGESMI's remedial action, please let us know. We hope to resolve any difference pre-complaint in accordance with the intent of the CLRA.

Sincerely,

Andrew Lee

Cc: John Moss

McDermott
Will & Emery

Exhibit 4
Page 20